UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES FRANCIS SCHMIDT, | ) | Civ. 14-4032-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MR. LENTCH, Ag. Seg. Unit Manager; | ) | |
| MR. BEIBER, Hill SHU Unit Manager; | ) | ORDER DIRECTING SERVICE, |
| ROB, Ad. Seg. Mental Health staff; | ) | DENYING MOTION FOR |
| CHRISTINE, Ad. Seg. Mental Health | ) | PRELIMINARY INJUNCTION, AND |
| staff; DR. DAVIDSON, Psychiatric | ) | DENYING MOTIONS TO APPOINT |
| doctor; MR. FRAIN, Ad. Seg. Unit | ) | COUNSEL |
| Coordinator; C.O. BRUSCHNER, | ) | |
| Correctional Officer, Unit C Trustee | ) | |
| Unit Guard; and S.D.S.P.D.O.C. | ) | |
| HEALTH SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Charles Francis Schmidt, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Schmidt filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 2. On March 6, 2014, the court granted Schmidt leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee by April 7, 2014. Docket 6. Schmidt has since paid the initial partial filing fee. Docket 16.

The court must now screen Schmidt's complaint to determine whether any claims should be dismissed. Pursuant to the PLRA, the court must dismiss

an action or any portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## STANDARD OF REVIEW

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint for failure to state a claim, "[t]he court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)

2

(noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Simply stated, a pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). In the instant case, Schmidt claims that defendants have violated

3

his rights under the First Amendment by "thwart[ing] and delay[ing] [his] attempts at exhausting [his] legal rights and legal mail." Docket 1 at 9. Secondly, Schmidt claims that defendants have acted with deliberate indifference toward his serious medical needs, thus violating the Eighth Amendment's prohibition on cruel and unusual punishment. *Id.* at 4–5, 8–14. Schmidt also claims that defendants have violated the Eighth Amendment by failing to protect him from the threat of harm posed by other inmates at SDSP, by over-medicating him, and by placing him in segregated housing despite his post traumatic stress disorder (PTSD). *Id.* at 6–7, 10–14. Lastly, Schmidt alleges that defendants have subjected him to disciplinary measures despite admissions that Schmidt did not commit the prohibited act for which he was punished. *Id.* at 5.

To remedy these alleged constitutional violations, Schmidt requests "[a] declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and the laws of the United States." Docket 1 at 14. Schmidt also requests preliminary and permanent injunctions against particular defendants. *Id.* at 15. Finally, Schmidt requests compensatory and punitive damages, along with a jury trial and any costs associated with this action. *Id.* at 15–16.

### I. Schmidt Has Not Alleged Facts Sufficient to Support an Access to Courts Claim Under the First Amendment.

Schmidt has vaguely alleged that defendant Frain violated his First Amendment rights by threatening to prevent Schmidt from using the grievance process at SDSP and by delaying the sending of Schmidt's legal mail. Docket 1 at 9, 13. For purposes of initial review, the court has construed these allegations as access to courts claims.

It is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To prevail on an access to courts claim, a prisoner must establish that he has sustained "an actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001) (citing *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997)). To demonstrate "actual injury," the prisoner must show " 'that a nonfrivolous legal claim had been frustrated or was being impeded.' " *Id.* (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998)).

In the instant case, Schmidt has not alleged that defendant Frain's alleged actions either frustrated or impeded a nonfrivolous legal claim. Because Schmidt has failed to establish that he has sustained an actual injury, the court finds that Schmidt has failed to plead facts sufficient to support access to courts claims for purposes of surviving initial review under 28 U.S.C. § 1915.

## II. Schmidt Has Alleged Facts Sufficient to Support a Deliberate Indifference Claim Under the Eighth Amendment.

"[D]eliberate indifference to serious medical needs of prisoners constitutes 'the unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104–05. "[T]his does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Allegations of negligence will not suffice. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) ("The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.").

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that he suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately

6

disregarded those needs." *Id.* (citing *Coleman,* 114 F.3d at 784). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman,* 114 F.3d at 784. To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

In the instant case, Schmidt represents that he suffers from post traumatic stress disorder (PTSD), a condition he developed after witnessing a fellow inmate get electrocuted to death and, on a separate occasion, finding a dead body while participating in a community service project through SDSP. Docket 1 at 4. As a result of these experiences, Schmidt has been diagnosed with PTSD, and he suffers from nightmares, cold sweats, flash backs, panic attacks, and anxiety. Nonetheless, defendants allegedly have refused to provide Schmidt with proper mental health care, ignored his requests to see a medical professional, and canceled scheduled doctor appointments.

Based on these facts, the court finds that Schmidt has sufficiently pleaded an Eighth Amendment violation to survive initial review under § 1915. First, Schmidt has alleged the existence of an objectively serious medical need—his condition has been diagnosed by a physician as requiring

treatment. Second, Schmidt alleges that defendants have been made aware of his condition, yet refuse to provide him with medical care. For purposes of initial review, the court finds that Schmidt has sufficiently alleged that defendants acted with deliberate indifference toward his medical need.

### III.    Schmidt Has Alleged Facts Sufficient to Support Failure to Protect Claims Under the Eighth Amendment.

The Eighth Amendment imposes a duty on the part of prison officials to " 'take reasonable measures to [protect prisoners from] substantial risks of serious harm.' " *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (quoting *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995)). That duty "requires only that prison officials 'take reasonable measures to abate substantial risks of serious harm, of which the officials are aware.' " *Id.* Explicitly included within that duty is the prison officials' duty " 'to protect prisoners from violence at the hands of other prisoners.' " *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)).

Here, Schmidt alleges that he requested protective custody from a gang whose members had previously attacked him and subsequently warned him that if he failed to "check in," he would "get beat up." Docket 1 at 6. At the protective custody hearing on the issue, defendants allegedly told Schmidt to "learn to just take a punch and don't fight back." Two days after that hearing, Schmidt was allegedly attacked by a gang member once again. *Id.* at 7. As

punishment for fighting back, Schmidt was placed in the segregated housing unit for twenty days. Upon his release, Schmidt received threats from the prison gang and was told that if he failed to bear witness to an attack that was to take place outside his prison cell, the gang would once again attack him. Accordingly, Schmidt watched another inmate get knocked out and suffer a broken nose, a broken cheekbone, and serious head trauma. Because defendants determined that Schmidt had previous knowledge of this attack, Schmidt was punished for the violent conduct of other inmates and placed in segregated housing for ninety days.

    As a result of defendants' failure to protect him from threats to his safety, Schmidt has suffered extreme paranoid anxiety and lives in fear for his life. Further, Schmidt alleges that these events, including his repeated placement in the segregated housing unit, have exacerbated his PTSD. Schmidt also alleges that while he was held in the segregated housing unit, defendants further threatened his safety by overdosing him for his mental conditions. Based on this information and according all reasonable inferences from these facts to Schmidt, the court finds that Schmidt has pleaded facts sufficient to support failure to protect claims for purposes of surviving initial review under 28 U.S.C. § 1915.

## IV. Schmidt Has Alleged Facts Sufficient to Support a Prison Conditions Claim Under the Eighth Amendment.

To sufficiently allege that conditions of confinement violate the Eighth Amendment, a prisoner must assert the following:

> (1) the alleged deprivation is, "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and (2) that the prison officials were deliberately indifferent to "an excessive risk to inmate health or safety," meaning that the officials actually knew of and disregarded the risk.

*Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer*, 511 U.S. at 834). Nonetheless, "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Therefore, with regard to the first element, a prison condition is not deemed cruel and unusual unless it "inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of the crime warranting imprisonment." *Id.* at 348; *see also Rhodes*, 452 U.S. 337 at 347 ("To the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.").

With regard to the second element, "constructive knowledge, or the 'should have known' standard, is not sufficient to support a finding of deliberate indifference . . . ." *Spruce v. Sargent*, 149 F.3d 783, 786 (8th Cir. 1998) (citation omitted). "Absent a showing that the prison officials consciously understood that prison conditions created such an excessive risk, the

conditions are not a punishment within the meaning of the Eighth Amendment." *Williams*, 49 F.3d at 445 (citation omitted).

Here, Schmidt has alleged that defendants inflicted cruel and unusual punishment on him by placing him in administrative segregation despite the fact that he suffers from PTSD and the prison officials were aware that he suffers from PTSD. Schmidt alleges that the isolated nature of administrative segregation has exacerbated his PTSD. Schmidt further alleges that his placement in administrative segregation is unwarranted as he is a non-violent criminal. Accordingly, the court finds that Schmidt has pleaded facts sufficient to support a prison conditions claim for purposes of surviving initial review under 28 U.S.C. § 1915.

## V. Schmidt Has Alleged Facts Sufficient to Support a Due Process Claim Under the Fourteenth Amendment.

Prisoners are entitled to the protections of the Fourteenth Amendment's Due Process Clause–"[t]hey may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (citations omitted). Accordingly, "[t]he Supreme Court has outlined procedures correctional facilities must follow to conduct an impartial due process hearing." *Hartsfield v. Nichols*, 511 F.3d 826, 830 (8th Cir. 2008).

Schmidt has alleged that defendant Bruschner falsely accused him of committing certain prohibited acts, the consequence of which was placement in a maximum security unit that was dangerous and resulted in severe mental

anguish. Docket 1 at 5. Schmidt contends that defendant Bruschner knew the write-up was false, but did it because he was told to do so. Taking these allegations as true and drawing all reasonable inferences therefrom in Schmidt's favor, the court finds that Schmidt has alleged facts sufficient to support a due process claim for purposes of surviving initial review under 28 U.S.C. § 1915.

## VI.   The Court Denies Schmidt's Motion for Preliminary Injunction.

"A preliminary injunction is an extraordinary remedy." *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citation omitted); *see also Hughbanks v. Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D. 2011) ("[I]n the prison setting, a request for a preliminary injunction 'must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' ") (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 520. To determine whether the issuance of a preliminary injunction is appropriate, the court considers the following factors:

(1)   the threat of irreparable harm to the movant;
(2)   the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant;
(3)   the probability that movant will succeed on the merits; and
(4)   the public interest.

*Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The court asks "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* at 113.

Although no single factor is determinative, "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins*, 346 F.3d at 844; *see also Dataphase*, 640 F.2d at 114 n.9 ("[T]he absence of a finding of irreparable injury is alone sufficient ground for vacating the preliminary injunction."). To demonstrate irreparable harm, a plaintiff must show that the harm is "certain, great and of such imminence that there is a clear and present need for equitable relief." *Packard Elevator v. Interstate Commerce Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986). Notably, a "plaintiff must make a showing of actual, substantial harm resulting from the alleged infringement." *Travelers Express Co. v. Transaction Tracking Technologies, Inc.*, 305 F. Supp. 2d 1090, 1095 (D. Minn. 2003) (citation omitted).

In his motion for preliminary injunction, Schmidt raises concerns with the confinement of mentally ill inmates in "a maximum ad[ministrative] seg[regation] security prison such as S.D.S.P." Docket 11 at 2. Schmidt claims that the conditions in administrative segregation are cruel and unusual and exacerbate mental disorders such as PTSD. More specifically, Schmidt alleges that

13

inmates in administrative segregation are confined to illuminated, windowless cells for all but four hours per week where temperatures fluctuate wildly and inmates are allowed few possessions. *Id.* at 1–2. Schmidt represents that the "extreme social isolation and sensory deprivation" to which inmates are subjected can be difficult for the average inmate, but devastating for an inmate like himself who suffers from PTSD. *Id.* at 2. Due to the combination of mental illness and social isolation, Schmidt alleges that he and other mentally ill inmates "run a high risk of breaking down and attempting suicide." *Id.* Schmidt further alleges that confinement in administrative segregation "is known to cause severe psychriatric [sic] morbidity, disability, suffering and mortality." *Id.*

Despite Schmidt's review of the potential effects of segregation on inmates with mental illnesses, Schmidt has failed to establish irreparable harm. Again, irreparable harm is harm that is "certain, great and of such imminence that there is a clear and present need for equitable relief." *Packard Elevator*, 782 F.2d at 115. The harm discussed in Schmidt's motion for preliminary injunction is not actual, substantial harm but speculative harm, and "[p]ossible or speculative harm is not enough." *Northland Ins. Companies v. Blaylock*, 115 F. Supp. 2d 1108, 1116 (D. Minn. 2000). Because failure to demonstrate irreparable harm is sufficient ground for denying a preliminary injunction, the court denies Schmidt's motion for preliminary injunction.

## VI.     The Court Denies Schmidt's Motions to Appoint Counsel.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* In this case, the facts of Schmidt's remaining claims are not complex, and Schmidt appears able to adequately present his § 1983 claims at this time. His motions to appoint counsel (Dockets 3, 9, 17) are therefore denied. Accordingly, it is

ORDERED that Schmidt's complaint is dismissed in part pursuant to 28 U.S.C. § 1915. Schmidt's access to courts claims are dismissed without prejudice.

IT IS FURTHER ORDERED that the clerk of court will cause service of the complaint, summons, and this order upon defendants. All costs of service will be advanced by the United States.

IT IS FURTHER ORDERED that defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service.

IT IS FURTHER ORDERED that Schmidt will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every

further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

IT IS FURTHER ORDERED that Schmidt's motion for preliminary injunction (Docket 11) is denied.

IT IS FURTHER ORDERED that Schmidt's motions to appoint counsel (Dockets 3, 9, 17) are denied.

Dated July 7, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE