UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES FRANCIS SCHMIDT,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID LENTSCH, Unit Manager; South Dakota State Penitentiary; DERRICK BIEBER, Unit Manager, South Dakota State Penitentiary; ROB FREDERICKSON, Mental Health Therapist, South Dakota State Penitentiary; ERIC BRUSCHER, Correctional Officer, South Dakota State Penitentiary; GREG BROSTAD, SOMP Coordinator, South Dakota Department of Corrections; KRISTEN JENSEN, Mental Health Therapist, South Dakota State Penitentiary; DR. DAVIDSON, Psychiatric Doctor; MR. FRAIN, Ad. Seg. Unit Coordinator; SOUTH DAKOTA STATE PENITENTIARY HEALTH SERVICES,<br><br>Defendants. | CIV. 14-4032-KES<br><br>ORDER GRANTING SUMMARY JUDGMENT |

Plaintiff, Charles Francis Schmidt, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Schmidt filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. Defendants move for summary judgment. Schmidt has not responded, and the time to respond has passed. Summary judgment is granted.

## STANDARD OF REVIEW

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or that the nonmoving party has not presented evidence to support an element of her case on which she bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.' " *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)).

Summary judgment is precluded if there is a dispute in facts that could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For purposes of a summary judgment motion, the court views the facts and the inferences drawn from such facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

## DISCUSSION

### A. Official Capacity Claims

Schmidt names several individuals as defendants, namely: David Lentsch, Derrick Bieber, Rob Frederickson, Kristin Jensen, Dr. Davidson, Greg Brostad, Mr. Frain, and Eric Bruscher. The complaint does not expressly state

that they are sued in their individual capacity. "[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999). As a result, the court deems that defendants are sued only in their official capacities. And because defendants are sued only in their official capacities, Schmidt cannot pursue damages claims against state employees in their official capacities. *See Roberts v. Lombardi,* 512 F. App'x 645, 747 (8th Cir. 2013). Thus, Schmidt's claims for monetary relief against the individually named defendants are dismissed.

**B. State Agency Not a "Person" for Purposes of §1983.**

According to the Supreme Court, a state is not a person for purposes of §1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66 (1989). Neither are state agencies. *See Milles v. Iowa Bd. of Regents,* 770 F. Supp. 2d 986, 992 (S.D. Iowa 2011). It is apparent from its name that defendant South Dakota State Penitentiary Health Services (SDSPHS) is a state agency and as a result it is not a "person" amenable to suit under § 1983. SDSPHS is entitled to summary judgment on all claims.

**C. Individual claims.**[1]

**1. Deliberate Indifference Claim Under the Eighth Amendment.**

"[D]eliberate indifference to serious medical needs of prisoners constitutes 'the unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104–05. "[T]his does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Allegations of negligence will not suffice. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) ("The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.").

A plaintiff has no constitutional right to a particular course of treatment. *See, e.g., Meuir v. Greene County Jail Employees,* 487 F.3d 1115, 1119 (8th Cir. 2007). Plaintiff's mere disagreement with the course of treatment provided fails

---

[1]Because Schmidt's claims are without merit, the court will not address the additional issue of whether defendants are entitled to qualified immunity.

to state a claim of deliberate indifference. *Bender v. Regier,* 385 F.3d 1133, 1137 (8th Cir. 2004).

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that he suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman*, 114 F.3d at 784. To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In the instant case, Schmidt represents that he suffers from post-traumatic stress disorder (PTSD), a condition he developed after witnessing a fellow inmate get electrocuted to death and, on a separate occasion, finding a dead body while participating in a community service project through SDSP. Docket 1 at 4. As a result of these experiences, Schmidt has been diagnosed with PTSD, and he suffers from nightmares, cold sweats, flash backs, panic attacks, and anxiety. But based on the undisputed facts, Schmidt has been seen by mental health staff during their rounds. He was prescribed Wellbutrin

in September of 2013, which is a medication often prescribed as treatment for mental health issues such as PTSD. Schmidt received his medication during the relevant time period. Schmidt may disagree with the course of treatment that was provided, but such a disagreement is not sufficient to show deliberate indifference. Based on the undisputed facts, defendants are entitled to summary judgment in their favor on this claim.

**2. Failure to Protect Claims Under the Eighth Amendment.**

The Eighth Amendment imposes a duty on the part of prison officials to " 'take reasonable measures to [protect prisoners from] substantial risks of serious harm.' " *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (quoting *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995)). That duty "requires only that prison officials 'take reasonable measures to abate substantial risks of serious harm, of which the officials are aware.' " *Id.* Explicitly included within that duty is the prison officials' duty " 'to protect prisoners from violence at the hands of other prisoners.' " *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)).

Here, Schmidt alleges that he requested protective custody from a gang whose members had previously attacked him and subsequently warned him that if he failed to "check in," he would "get beat up." Docket 1 at 6. At the protective custody hearing on the issue, Schmidt alleges that defendants told him to "learn to just take a punch and don't fight back." Two days after that hearing, Schmidt was allegedly attacked by a gang member once again. *Id.* at

7. As punishment for fighting back, Schmidt claims he was placed in the segregated housing unit for twenty days. Upon his release, Schmidt received threats from the prison gang and was told that if he failed to bear witness to an attack that was to take place outside his prison cell, the gang would once again attack him. Accordingly, Schmidt watched another inmate get knocked out and suffer a broken nose, a broken cheekbone, and serious head trauma. Because defendants determined that Schmidt had previous knowledge of this attack, Schmidt claims he was punished for the violent conduct of other inmates and placed in segregated housing for ninety days.

As a result of defendants' failure to protect him from threats to his safety, Schmidt alleges that he has suffered extreme paranoid anxiety and lives in fear for his life. Further, Schmidt alleges that these events, including his repeated placement in the segregated housing unit, have exacerbated his PTSD. Schmidt also alleges that while he was held in the segregated housing unit, defendants further threatened his safety by overdosing him for his mental conditions.

The undisputed facts show that Schmidt met with defendant Lentsch on November 4, 2013. During this meeting, Schmidt said he expected to be able to stay out of trouble if he was placed on Bravo floor. He was then placed on Bravo floor. Because defendants took appropriate action to prevent harm to Schmidt by placing him on a floor where both he and defendants thought he would be safe, Schmidt has not established that defendants failed to take reasonable steps to prevent Schmidt from being subjected to substantial risks

of serious harm. Furthermore, Schmidt failed to allege that any of the named defendants were personally involved with his alleged over medication. Absent personal involvement in the alleged constitutional violation, a named defendant is not liable based on a theory of respondeat superior. *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985). Thus, defendants are entitled to summary judgment on Schmidt's claim for failure to protect.

**3. Prison Conditions Claim Under the Eighth Amendment.**

To sufficiently allege that conditions of confinement violate the Eighth Amendment, a prisoner must assert the following:

> (1) the alleged deprivation is, "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and (2) that the prison officials were deliberately indifferent to "an excessive risk to inmate health or safety," meaning that the officials actually knew of and disregarded the risk.

*Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer*, 511 U.S. at 834). Nonetheless, "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Therefore, with regard to the first element, a prison condition is not deemed cruel and unusual unless it "inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of the crime warranting imprisonment." *Id.* at 348; *see also Rhodes*, 452 U.S. 337 at 347 ("To the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.").

With regard to the second element, "constructive knowledge, or the 'should have known' standard, is not sufficient to support a finding of deliberate indifference . . . ." *Spruce v. Sargent*, 149 F.3d 783, 786 (8th Cir. 1998) (citation omitted). "Absent a showing that the prison officials consciously understood that prison conditions created such an excessive risk, the conditions are not a punishment within the meaning of the Eighth Amendment." *Williams*, 49 F.3d at 445 (citation omitted).

Here, Schmidt has alleged that defendants inflicted cruel and unusual punishment on him by placing him in administrative segregation despite the fact that he suffers from PTSD and the prison officials were aware that he suffers from PTSD. Schmidt alleges that the isolated nature of administrative segregation has exacerbated his PTSD. Schmidt further alleges that his placement in administrative segregation is unwarranted as he is a non-violent criminal.

The undisputed facts show that Schmidt received mental health care while he was in administrative segregation. There is no showing that prison officials consciously understood that the prison conditions created an excessive risk to Schmidt's health or safety. And with regard to the fact that Schmidt was housed in segregation even though his underlying conviction was for a non-violent crime, the Eighth Circuit has held that "a demotion to segregation, even without cause, is not itself an atypical and significant hardship." *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010). Thus,

defendants are entitled to summary judgment on Schmidt's prison conditions claim.

**4. Due Process Claim Under the Fourteenth Amendment.**

Prisoners are entitled to the protections of the Fourteenth Amendment's Due Process Clause–"[t]hey may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (citations omitted). Accordingly, "[t]he Supreme Court has outlined procedures correctional facilities must follow to conduct an impartial due process hearing." *Hartsfield v. Nichols*, 511 F.3d 826, 830 (8th Cir. 2008). Schmidt has alleged that defendant Bruscher falsely accused him of committing certain prohibited acts, the consequence of which was placement in a maximum security unit that was dangerous and resulted in severe mental anguish. Docket 1 at 5. Schmidt contends that defendant Bruscher knew the write-up was false, but did it because he was told to do so.

The undisputed facts show that Schmidt grabbed Bruscher's wrist while Bruscher was trying to confiscate a contraband cell phone from Schmidt's cell. Schmidt's actions constituted the prohibited act for which Schmidt was punished. This was not a false write-up. Schmidt received notice of the charges that were lodged against him by Bruscher. He was informed of his right to remain silent and he waived that right. Schmidt presented evidence in the form of a statement and he attempted to call a witness, but the witness did not provide a statement. The Disciplinary Hearing Officer relied on the written statement of Bruscher and issued hearing findings and a decision. Thus,

Schmidt's due process rights were not violated and defendants are entitled to summary judgment in their favor on this claim.

Because Schmidt has not succeeded on the merits on his claims, his request for injunctive relief is denied.

Accordingly, it is

ORDERED that defendants' motion for summary judgment (Docket 35) is granted. Judgment will be entered in favor of defendants.

Dated May 5, 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE